**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MANAL ALEISA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOJO INDUSTRIES, INC. D/B/A PURELL,<br><br>Defendant. | Case No.: 2:20-cv-01045<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ.*;**<br>3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*;**<br>4) **NEGLIGENT MISREPRESENTATION; AND**<br>5) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. Plaintiff Manal Aleisa ("Plaintiff") brings this Class Action Complaint to challenge the deceptive advertising and business practices of defendant, Gojo Industries, Inc. d/b/a Purell ("Defendant") with regard to Defendant's false and misleading promotion of its purportedly consumable products. Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Defendant's products.

2. Plaintiff purchased Defendant's products, which Defendant advertised as preventing disease or infection among other claims. Specifically, Plaintiff purchased Purell Advanced Hand Sanitizer (the "Product").

3. According to the Food and Drug Administration ("FDA"), in a warning letter sent to Defendant dated January 17, 2020 (the "Warning Letter"), the Product is an unapproved new drug.

4. According to the Warning Letter, Defendant did not apply with the FDA before marketing the unapproved Product in violation of sections 505(a) and 301(d) of the FD&C Act, 21 U.S.C 355(a) and 331(d).

5. The Warning Letter characterizes the Product as a health care antiseptic.

6. The Warning Letter further outlines the misrepresentations in Defendant's advertising of the Product.

7. Based on the characterization provided by the Warning Letter and on the Product's intended use, Defendant's claims about the Product in Defendant's advertising are false and misleading.

8. Consequently, Defendant does not comply with federal and parallel state regulations. Defendant misleads consumers into believing its products can prevent disease and reduce illness along with other claims that go beyond the general intended use of a topical antiseptic. These misrepresentations allow Defendant to increase its sales and capture market shares from its competitors.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

9. Plaintiff makes these allegations as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

10. Defendant's nationwide sale and advertising of deceptively misbranded products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (4) negligent misrepresentation; and (5) intentional misrepresentation.

11. This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

14. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California, and Defendant is a corporation organized and existing under the laws of the State of Ohio.

---

[1] On information and belief, Defendant sells its Products in brick and mortar stores and online retailers throughout California. Based upon the advertised price of Defendant's products and their statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

15. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Los Angeles and the harm giving rise to this action occurred within this County. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

16. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) many of the acts and transactions giving rise to this action occurred in this district.

## PARTIES

17. Plaintiff is a natural person residing in the City of Los Angeles, County of Los Angeles, State of California.

18. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Ohio.

19. Defendant manufactures and/or distributes various products, including hand sanitizers. Defendant conducts extensive business through Internet sales and enjoys wide retail distribution at numerous stores within the United States, including California including Target.

## NATURE OF THE CASE

20. At all times relevant, Defendant made and continues to make affirmative misrepresentations regarding its products, which it manufactures, markets, and sells in physical stores and online through its own website and other online retailers.

21. Defendant advertised, marketed, packaged, and sold its products to Plaintiff and other consumers similarly situated in California with the false

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

representation that its Product prevented disease or infection from pathogens such as Ebola, MRSA, VRE, norovirus, flu, and Candida auris.

22. Defendant further advertised, marketed, packaged, and sold its products to Plaintiff and other consumers similarly situated in California with the false representation that the Product is effective in reducing illness and disease-related student and teacher absenteeism, which is misleading because there is no evidence that the Product actually does so.

23. Despite the foregoing, Defendant sells the Products to consumer knowing and intending that these consumers use the Products. For example, Defendant bottles these Products in small units of 2 and 8 oz bottles, for individual use.

24. On Defendant's website, it contains reviews and experiences of consumers. Many of these reviews including testimonials that clearly have the consumer utilizing the Products for their own personal use.

25. The misrepresentations that Defendant made regarding the ingredients caused Plaintiff and similarly situated California consumers to purchase and use substances that the FDA considers to be unapproved. Moreover, these false claims about their products allow Defendant to gain a market share of the industry that they are in through misleading practices which is an unfair advantage to its competitors.

26. In short, Defendant makes false claims about products that it sells on the open market.

27. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

## FACTUAL ALLEGATIONS

28. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. On or about September 25, 2019, Plaintiff purchased Defendant's "Purell Advanced Hand Sanitizer" for approximately $2 from a Target store located at

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

900 Spectrum Center Dr., Irvine, California 92618.

30. The Product contained the following statement on the Product's label: "Kills more than 99.99% of Germs…"

31. Before purchasing the Product on September 25, 2019, Plaintiff visited Defendant's Facebook site and read the misrepresentations by Defendant that the Product prevents disease and reduces illness.

32. Plaintiff relied on Defendant's Facebook page representations in deciding to purchase the Product on September 25, 2019.

33. Defendant manufactures, markets, and sells the Products online through its own website and other retailers, which it advertises on its website and Facebook page and related advertising materials as preventing disease.

34. Defendant makes the following claims in its marketing:

   a. On Defendant's PURELL® Healthcare Advanced Hand Sanitizer product pages:

      "Kills more than 99.99% of most common germs that may cause illness in a healthcare setting, including MRSA & VRE"

   b. On Defendant's webpage titled, "GOJO Blog What You Need to Know About Candida auris in the Healthcare Setting":

      "To help prevent transmission, hand hygiene with an alcohol-based hand sanitizer is recommended along with hand washing if hands are soiled. PURELL® Advanced Gel, Foam, and Ultra-Nourishing Foam Hand Sanitizer products demonstrated effectiveness against a drug resistant clinical strain of Candida auris in lab testing."

   c. On Defendant's webpage titled, "The PURELL SOLUTION™ for Athletic Facilities":
      "PURELL® Products Help Eliminate MRSA & VRE . . . 100% MRSA & VRE Reduction[] . . . A recent outcome study shows that providing the right products, in a customized solution, along with educational resources for athletes and staff can reduce MRSA and VRE by 100%[]"

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

d. On Defendant's webpage titled, "The PURELL SOLUTION™ for Education":

"51% Reduced Student Absenteeism . . . PURELL® products have proven results in delivering positive health outcomes. Illness causes 144 million lost school days each year2 []. . . In a recent study, student absenteeism was reduced by 51% when PURELL hand hygiene products were used in conjunction with a curriculum to teach kids about good hand hygiene[] . . . 10% Less Teacher Absenteeism . . . PURELL® Products Help Teachers Stay Well[] . . . New teachers are particularly more susceptible to student borne illness[]. . . . In one study, schools that combined hand-hygiene education with PURELL® products reduced teacher absenteeism by 10%[]".

e. On Defendant's webpage titled, "PURELL® Products are Proven to Reduce Absenteeism":

"PURELL® Products are Proven to Reduce Absenteeism . . . On average, illness causes 144 million lost school days each year[] and missing school can have a significant effect on a student's performance. . . . Research has shown that when used alongside a curriculum to teach students about hand hygiene, PURELL® products can reduce student absenteeism by up to 51%[].. . . Additionally, teachers who follow this program also experience a 10% reduction of absenteeism[]."

f. On Defendant's Facebook page at https://www.facebook.com/purell/:

"The PURELL SOLUTION™ has the products you need to help prevent the spread of infection this germ season. Visit GOJO.com for more information."

g. In addition, Defendant makes statements within the "Frequently Asked Questions" on Defendant's website, www.gojo.com, that suggest that PURELL® Healthcare Advanced Hand Sanitizers, which are formulated with ethyl alcohol, may be effective against viruses such as the Ebola virus, norovirus, and influenza. Specifically, Defendant's website states:

Illness Outbreak. . .What Steps Can I Take to Prevent the Spread of Norovirus? Even though norovirus is highly

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

contagious, there are ways you can reduce the risk of its spread. According to the Centers for Disease Control and Prevention, follow these steps to reduce the spread of the virus. 1. Practice good hand hygiene. Make sure to wash your hands with soap and water at key moments, especially after using the restroom since the virus can spread through stool. Alcohol-based hand sanitizers with at least 60% alcohol can be used in addition to handwashing . . .

Are PURELL® Hand Sanitizer products effective against the flu? The FDA does not allow hand sanitizer brands to make viral claims, but from a scientific perspective, influenza is an enveloped virus. Enveloped viruses in general are easily killed or inactivated by alcohol. The World Health Organization (WHO) and the Center for Disease Control and Prevention (CDC) are recommending the use of alcohol-based hand sanitizer as a preventive measure for flu prevention"

Is PURELL® Advanced Hand Sanitizer Effective Against Ebola?. . . As of today, we are not aware of any hand sanitizers that have been tested against Ebola viruses, including PURELL® Advanced Hand Sanitizer. However, it is important to note that the Ebola virus is an enveloped virus. Enveloped viruses in general are easily killed or inactivated by alcohol. **World Health Organization (WHO)** and the **Center for Disease Control and Prevention (CDC)** are recommending the use of alcohol-based hand sanitizer as a preventive measure during this outbreak . . .

35. At the time Plaintiff purchased Defendant's Products, Plaintiff believed and relied upon the representations made on Defendant's Products' labels and website that the Product prevented illness. Plaintiff reasonably believed that the Product would prevent disease and reduce illness.

36. On information and belief, Defendant's Product's label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

37. As mentioned in detail above, there is no evidence that Defendant's Products prevent disease or reduce illness.

38. **The "FDA is currently not aware of any adequate and well-controlled studies demonstrating that killing or decreasing the number of bacteria or viruses on the skin by a certain magnitude produces a corresponding clinical reduction in infection or disease caused by such bacteria or virus."** https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020

39. Germs are made up of bacteria, viruses, fungi, and protozoa.

40. By Defendant stating that its Product kills 99.99% of germs, it is actually stating that the Product kills 99.99% of bacteria and viruses. Defendant then makes the jump to the conclusion that by killing 99.99% of bacteria and viruses, this results in the Product preventing disease and reducing illness, which is not true.

41. Consequently, Defendant's Product is misleading by marketing it as preventing disease and reducing illness.

42. Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading or false.

43. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Products under the false impression that the Products prevented disease and reduced illness.

44. Had Plaintiff been aware that there was no evidence that the Product prevented disease and reduced illness, Plaintiff would have purchased a different product. In other words, Plaintiff would not have purchased Defendant's Products but for the representations on the Products' related advertising.

45. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Product's labels and

website, where Defendant sold, and currently sells, its Product to consumers throughout the State of California.

46. As a result of Defendant's false and misleading statements and failure to disclose, Plaintiff and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

47. Included within the demands of this Complaint are any products manufactured by Defendant, which are characterized by Defendant as "hand sanitizers".

48. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

## CLASS ACTION ALLEGATIONS

49. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Plaintiff brings this action collectively and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

51. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the United States who purchased Purell Hand Hygiene Products, within the four years prior to the filing of this Complaint.

52. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

53. The "Class Period" means four years prior to the filing of the Complaint in this action.

54. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agents' records of retail and online sales, as well as through public notice.

55. **Numerosity**.  The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Products are sold online and the Products have hundreds of customer reviews, and on that basis, Plaintiff alleges that the putative Class consists of hundreds, if not thousands of members.

56. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

    a. Whether the Products were actually advertised as preventing disease and reducing illness;

    b. Whether the Products actually prevent disease and reduced illness;

    c. Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

    d. Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq*.;

    e. Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq*.;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

f. Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

g. Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

h. Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website and Facebook site;

i. Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiff and members of the Class;

j. Whether the Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

k. Whether the Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

57. **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class in that the Plaintiff is a member of the Class that the Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased Product after exposure to the same material misrepresentations appearing on the Product's labels, Defendant's website, and Defendant's Facebook site. Plaintiff also received Product that does not actually prevent disease or reduce illness. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

58. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

59. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

60. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

resellers to, advertise, market, promote, and sell the Class Products in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

61. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### BUS. & PROF. CODE §§ 17500, *ET SEQ.*

62. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

64. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

65. Defendant holds its Products out as preventing disease and reducing illness, when, in fact, there is no valid evidence the Product does so.

66. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq*.

67. At all times relevant, Defendant's advertising and promotion of its Products were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members by representing that its Products prevented disease and reduced illness. When, in reality, Defendant knew that there is no valid evidence its Product prevented disease and reduced illness, which the FDA warned them about.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

68. Defendant engaged in the false and/or misleading advertising and marketing of its Products, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Products, which Defendant knew, or had reason to know, did not prevent disease or reduce illness.

69. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq*.

70. Had Defendant truthfully advertised that its Products did not prevent disease or reduce illness, Plaintiff and the putative Class members would not have purchased the Product or would have purchased a different product from another manufacturer.

71. This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

72. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
## BUS. & PROF. CODE §§ 17200, *ET SEQ.*

73. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

75. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an

"unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

76. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

77. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq*. and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq*., as well as other Federal regulations.

78. Defendant violated the above-referenced statutes by falsely representing that its Product prevented disease and reduced illness, when in fact the product did not prevent disease or reduce illness.

79. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "UNFAIR" PRONG

80. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

81. Had Plaintiff and the putative class members been informed that Defendant's Product did not prevent disease and reduce illness, they would not have purchased the Products or would have purchased a different product. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Products.

## C. "FRAUDULENT" PRONG

82. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq*., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., by falsely advertising its Product as preventing disease and reducing illness, when, in fact, the Product does not prevent disease and reduce illness.

83. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

## D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

84. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., in that consumers are led to believe that Defendant's Product prevents disease and reduces illness, when, in fact, the Product does not prevent disease or reduce illness, as alleged herein.

85. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Products, as preventing disease and reducing illness.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

86. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

87. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Products' label and Amazon.com and other 3rd party retailers as mentioned herein.

88. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

89. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

90. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

91. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Product prevented disease and reduced illness.

92. Defendant made these representations knowing, or having reason to know, that its Products did not prevent disease and reduce illness.

93. Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Product.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

94. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

95. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

96. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Products due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL MISREPRESENTATION**

97. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

98. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through Product's packaging and advertising materials, that Defendant's Product prevented disease and reduced illness.

99. Defendant acted intentionally by marketing its Product as one that prevents disease and reduces illness.

100. Because the FDA found there is no evidence that shows the Product prevents disease or reduces illness, the Product does not have the benefits that Defendant advertises.

101. Furthermore, by including the statement that the Product "[k]ills more than 99.99% of germs" on the label of the Product, Defendant is implying that this Product prevents disease and reduces illness, for which there is no evidence.

102. Defendant knew or had reason to know such representations were false, and continued to advertise its Product in a false or misleading way.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

103. Defendant further knew that retailers were advertising its Product as preventing disease and reducing illness, because Defendant designed, manufactured, and affixed the product labeling to its Products before supplying the Products to the retailers.

104. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

105. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

106. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i. The "who" is Defendant;

    ii. The "what" is the representation that Defendant's Product, and substantially similar products, had ingredients that prevented disease or reduced illness;

    iii. The "when" is the date Plaintiff purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

    iv. The "where" is in Defendant's product labeling, advertisements, and online marketing; and

    v. The "how" is the allegation that Defendant did not disclose that its Product did not prevent disease or reduce illness.

107. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

//

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### RESERVATION OF RIGHT TO ASSERT CLAIM FOR VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT CAL. CIV. CODE §§ 1750, *ET SEQ.*

108. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109. On or about January 31, 2020, Plaintiff served on Defendant a demand for corrective action pursuant to California Civil Code § 1750.

110. Plaintiff reserves the right to amend the Complaint to assert a cause of action under the CLRA, specifically, Civil Code Sections1770(a)(4), (5) and (7), should Defendant not take timely and appropriate corrective action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;

- that Plaintiff be appointed as the Class Representatives;

- that Plaintiff's attorneys be appointed as Class Counsel;

- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- that Plaintiff and each of the other members of the Class recover the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

amounts by which Defendant has been unjustly enriched;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

- Pre-judgment interests from the date of filing of this suit;

- that Plaintiff and each member of the putative Class recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;

- recovery of reasonable attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### FOURTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;

- punitive damages pursuant to Cal. Civ. Code § 3294; and

- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### FIFTH CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and

- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

### TRIAL BY JURY

111. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.


Dated: January 31, 2020                    Respectfully submitted,

                                           **KAZEROUNI LAW GROUP, APC**

                                           By:  _/s/ Ryan L. McBride_
                                                RYAN L. MCBRIDE, ESQ.
                                                ABBAS KAZEROUNIAN, ESQ.
                                                *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626