UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MANAL ALEISA, *et al.*, | ) Case No. 5:20-cv-2383 |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge Kathleen B. Burke |
| GOJO INDUSTRIES, INC., | ) |
| Defendant. | ) |
| MAGDIELA GONZALEZ, *et al.*, | ) Case No. 5:20-cv-2448 |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge Kathleen B. Burke |
| GOJO INDUSTRIES, INC., | ) |
| Defendant. | ) |

**OPINION AND ORDER**

In these consolidated putative class actions alleging that the marketing of Purell hand sanitizer violates California and New York law, attorney Tammy Hussin seeks admission pro hac vice to represent Plaintiffs before the Court.

Under Local Rule 83.5(h), "any member in good standing of the Bar of any court of the United States or of the highest court of any state may . . . be permitted to appear and participate in a particular case, or in a group of related cases." To support admission pro hac vice, the Local Rule requires a current certificate of good standing or an affidavit (or declaration) swearing to the applicant's current good standing.

Additionally, the motion must disclose "whether the attorney has ever been disbarred or suspended from practice before any court."

This Local Rule commits the decision whether to grant a lawyer not admitted to practice before the Northern District the privilege of admission pro hac vice to the Court's sound discretion. *D.H. Overmyer Co. v. Robson*, 750 F.2d 31, 33 (6th Cir. 1984). It codifies the Court's inherent authority to regulate the practice of law before it. *See Ex Parte Burr*, 22 U.S. (9 Wheat.) 529, 530 (1824). No authority the Court has located confers a right on Ms. Hussin or Plaintiffs to have the pending motion for admission pro hac vice granted if Ms. Hussin meets all the requirements of the Local Rule. Even if she does, the Court retains the discretion to determine whether to grant pro hac vice status. *D.H. Overmyer*, 750 F.2d at 34.

Here, Ms. Hussin supplies a certificate of standing from the State Bar of California (though one that is not current within the meaning of the Local Rule because it is dated a few days more than thirty days before the motion for admission pro hac vice—a technical defect the Court overlooks in considering this motion). The certificate reflects that, after admission to the California bar in 1991, Ms. Hussin registered with inactive status from January 1, 1996 to September 1999, when the California Supreme Court suspended her from the practice of law for nonpayment of fees. This suspension remained in effect until 2007 when she repaid the outstanding fees and returned to active status. Without more, these facts do not concern the Court. They occurred more than a decade ago and do not appear to raise an issue or concern regarding practice before the Court.

Of serious concern, however, is Ms. Hussin's affidavit. It contains two false statements and one material defect. First, in Paragraph 4, Ms. Hussin states that "I have never been disbarred or suspended from practice before any court." The certificate of standing contradicts this assertion. Second, Paragraph 3 recites that Ms. Hussin was admitted in 2007. However, the certificate of standing discloses that she was admitted to practice in California in 1991, as does Ms. Hussin's website. This paragraph suggests that Ms. Hussin attempted to conceal her previous suspension.

These false statements give the Court grave concern about Ms. Hussin's candor, reinforced by the defect in her affidavit. Local Rule 83.5(h) calls for an affidavit or declaration—either way, a statement under oath or penalty of perjury. Ms. Hussin submitted neither. Though formally styled an affidavit, Ms. Hussin did not have her affidavit notarized or comply with the requirements of 28 U.S.C. § 1746. This defect suggests that Ms. Hussin sought to minimize any potential consequences from making false statements to the Court in her motion for admission pro hac vice. Because Ms. Hussin's website also lists that she is admitted to practice in "state and federal courts in Michigan and Colorado," on inactive status, the Court does not know whether she is withholding any additional information that may adversely affect her motion for admission pro hac vice.

Given these concerns, the Court afforded Ms. Hussin an opportunity to address the statements she submitted to the Court at the status conference held on the record (by telephone due to the Covid-19 pandemic) on January 25, 2021. Ms. Hussin attributed these errors to a new paralegal and otherwise sought to downplay or

3

dismiss their significance. On the whole, the record leaves the Court with grave concern about Ms. Hussin's candor and ability to comply with the rules of practice.

Against the backdrop of this record, and mindful of the important interests at stake, the Court takes up Ms. Hussin's motion for admission pro hac vice. On the one hand, the Court is reluctant to interfere with Plaintiffs' choice of counsel and with the profession of an attorney, particularly because the underlying suspension in California is stale and does not appear to involve unethical conduct. Ordinarily, the client's interest in counsel of his or her choice would be quite strong. But in this putative class action Plaintiffs have multiple counsel, diminishing this consideration to a degree.

On the other hand, the ultimate inquiry under the law of this Circuit turns on whether an attorney seeking admission pro hac vice possesses the ethical and professional competence of an officer of the court. *In re Mosher*, 25 F.3d 397, 400 (6th Cir. 1994). On this question, the record requires the Court to make a difficult determination. Strictly, the holding of *In re Mosher* does not apply here because of the particular facts in that case giving rise to the district court's denial of a motion for admission pro hac vice. Indeed, the Sixth Circuit agrees that the holding of *In re Mosher* does not apply where, as here, opposing counsel does not seek to deprive a client of its chosen counsel who had proven successful in similar cases. *See Stilley v. Bell*, 155 F. App'x 217, 221 (6th Cir. 2005).

On balance, the record shows Ms. Hussin does not evidence the standards of an officer of the Court. Ultimately, Ms. Hussin bears responsibility for documents

submitted to the Court bearing her signature, but she sought to dismiss or shift that responsibility to subordinate. Doing so did nothing to mitigate the Court's grave concern about her candor and ability to follow the rules of the Court in this matter, which presages worse to come. Beyond the waste of time and judicial resources already spent on this matter, the proper and orderly administration of justice leads the Court to deny Ms. Hussin's motion for admission pro hac vice.

**SO ORDERED.**

Dated: January 27, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio